THE STATE OF OHIO, APPELLANT, *v.* MCNAMEE, APPELLEE. (SIX CASES.)

(Nos. 1-83-27, -28, -29, -30, -31 and -32 — Decided June 19, 1984.)

*Richard E. Siferd,* director of law, and *Barbara A. Fabrey,* for appellant.
*Terry K. Sherman,* for appellee.

*Per Curiam.* The defendant was charged in the Lima Municipal Court with six different charges of pandering obscenity in violation of R.C. 2907.32. In each case the trial court, prior to trial, on motion of the defendant, dismissed the charges and in each case, the state has appealed.

All six motions to dismiss were heard at the same time. As to case No. 1-83-27, evidence in the form of a magazine entitled "Femme Fatale, Volume 1, No. 2" was introduced into evidence by the defendant on the hearing on the defendant's motion to dismiss. Each of the charges related to a different specific magazine. Without any evidence as to any other magazine the trial court dismissed all six cases. To accomplish this it was stated that "it is not incumbent upon the defendant to submit evidentiary material. It is incumbent upon the prosecution to submit evidentiary material and to support the proposition of obscenity beyond a reasonable doubt."

This is erroneous. The trial court has patently confused a hearing upon a pretrial motion to dismiss with the ultimate trial. There is, and was, no burden on the prosecutor. The motion, if pertinent at all, was that of the defendant who was basically asserting that the prosecutor's evidence, to be used at trial, was insufficient as a matter of law. The affirmative of this issue rested upon the defendant.

It is clear error for the trial court to have dismissed cases 1-83-28, 1-83-29, 1-83-30, 1-83-31 and 1-83-32, for the foregoing reason. However, there exists an even more fundamental reason for reversal which we will consider more at length as it concerns the remaining case (case No. 1-83-27), in which evidentiary material was considered.

Case No. 1-83-27, as well as the others, was determined by the trial court by ruling upon the defendant's motions to dismiss. The motion had been filed on July 14, 1982. It reads as follows:

"Now comes the defendant, Darrell McNamee, through his attorney, Terry K. Sherman, and hereby moves this honorable Court, to dismiss the Complaints which pertain to the exhibits listed below and/or order the State of Ohio to strike, delete, or otherwise omit, from introduction any exhibits, testimony, or other evidence regarding the below listed items. The items referred to are as follows:

"1. *Queens of the Whip* (Annual No. 1);

"2. *S and M Sex Devices;*

"3. *Best of Kinque;*

"4. *Femme Fatale;* and

"5. *Spankers.*

"This Motion is premises [*sic*] upon the assertion that pursuant to the Supreme Court of the United States' decision in *Miller* v. *California,* 413 U.S. 15, (1973), the above items are not obscene as a matter of law."

It is apparent at once this is not a motion to suppress or in fact a motion *in limine* but directly challenges the sufficiency of the state's evidence prior to its introduction at trial. Whether or not the magazine in question is obscene is one element of the offense. It is, therefore, part of the general issue to be determined at trial in accordance with well-established procedures.

Crim. R. 12(B) reads as follows:

"Pretrial motions. Any defense, ob-jection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. The following must be raised before trial:

"(1) Defenses and objections based on defects in the institution of the prosecution;

"(2) Defenses and objections based on defects in the indictment, information, or complaint (other than failure to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the court at any time during the pendency of the proceeding);

"(3) Motions to suppress evidence, including but not limited to statements and identification testimony, on the ground that it was illegally obtained. Such motions shall be filed in the trial court only.

"(4) Requests for discovery under Rule 16;

"(5) Requests for severance of charges or defendants under Rule 14."

It will be noted that *only* those motions capable of being determined without the trial of the general issue may be raised by motions before trial. Here, however, the issue goes directly to an essential element of the offense to be determined on trial of the general issue. The issue as to the legal sufficiency of the evidence is not properly raised by a pretrial motion and that motion should have been overruled.

The defendant is attempting to create in a criminal case the equivalent of a motion for summary judgment and there is no provision for such a motion.

The sole assignment of error asserted by the appellant in each case is that the trial court erred in sustaining the defendant-appellee's motion to dismiss based on its finding that the exhibit, a magazine entitled "Femme Fatale," was not obscene as a matter of law. The court erred in sustaining the motion to dismiss because such a motion

was premature and to this extent the assignment of error is well-taken.

In each of the cases other than case No. 1-83-27, the assignment of error was directed to the same issue and was for the same reason well-taken.

For these reasons in each of the cases, the judgment of the trial court is reversed and the cause remanded for trial.

*Judgments reversed
and causes remanded.*

MILLER, P.J., GUERNSEY and COLE, JJ., concur.