DECISION AND JOURNAL ENTRY
Appellant, the State of Ohio, has appealed from the dismissal of the indictment against Defendant, Larry Rouse, by the Wayne County Court of Common Pleas. We reverse.
On January 22, 1998, Defendant was indicted for escape in violation of R.C. 2921.34. On July 21, 1998, Defendant moved the trial court to dismiss the indictment against him. On September 22, 1998, the trial court granted the Defendant's motion, and, over the objections of the prosecution, dismissed the indictment. The State has appealed and had raised one assignment of error for review.
The State has failed to set forth assignments of error as required by Loc.R. 7(A)(2). See, also, App.R. 16(A)(3). Although this court may dismiss an appeal for failure to comply with Loc.R. 7, see Loc.R. 7(F), we will address the merits of the State's arguments.
The State has argued that the trial court erred when it granted Defendant's motion to dismiss the indictment. We agree.
Pursuant to Crim.R. 48(B), a trial court may dismiss an indictment over the objections of the State. However, while Crim.R. 48 permits the court to dismiss an indictment, the circumstances under which this may occur are not enunciated within the criminal rules. In an attempt to clarify this provision, this court has previously held that:
 [t]he purpose of Crim. R. 48 is to maintain a defendant's right to a speedy trial, but the rule does not alter the pre-rule Ohio practice concerning the court's inherent power to dismiss. In our judgment, that power includes the right to dismiss with prejudice only where it is apparent that the defendant has been denied either a constitutional or a statutory right, the violation of which would, in itself, bar prosecution.
 State v. Sutton (1979), 64 Ohio App.2d 105, 108. This record fails to establish a violation of any constitutional or statutory right of Defendant. He has neither been twice placed in jeopardy nor has he been denied either his constitutional or statutory rights to a speedy trial.
When a court reviews the propriety of a criminal indictment, "[it] may determine only whether the indictment is valid on its face." State v. Brandon (Nov. 24, 1993), Summit App. No. 16236, unreported, at 4. A count of an indictment "is sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified." R.C. 2941.05; See, also, Crim.R. 7(B). The indictment may use the wording of the applicable Ohio Revised Code section or any words sufficient to give the accused notice of the offense of which he is charged. R.C. 2941.05; Crim.R. 7(B).
When a defendant in a criminal action files a motion to dismiss which goes beyond the face of the indictment, he is, essentially, moving for summary judgment. Lorain v. Slattery
(Sept. 22, 1999), Lorain App. No. 98CA007140, unreported. The Ohio Rules of Criminal Procedure, however, do not provide for summary judgment on an indictment prior to trial. State v. McNamee
(1984), 17 Ohio App.3d 175. Akron v. Davis, (July 31, 1991), Summit App. No. 14989, unreported, at 3. Moreover, "were we to recognize the validity of such a procedure, trial courts would soon be flooded with pretrial motions to dismiss alleging factual predicates in criminal cases." Fortner v. Thomas (1970), 22 Ohio St.2d 13,14. Since Defendant's claim went beyond the face of the indictment, he could present his challenge only as a motion for acquittal at the close of the state's case. Crim.R. 29(A).
In its judgment entry the trial court analyzed Defendant's status under post-release control and the implications of the statutory application of R.C. 2921.34 to the Defendant's circumstances. In light of the fact that the trial court dismissed the indictment based upon a review of the merits of the case prior to trial, the trial court, in essence, granted Defendant summary judgment. Since the trial court is not authorized to take this type of action, Appellant's assignment of error is sustained, and the judgment of the trial court is reversed.
Judgment reversed
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
LYNN C. SLABY
FOR THE COURT BAIRD, P.J.
CARR, J.
CONCUR