DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, State of Ohio ("the State"), appeals from the decision of the Summit County Court of Common Pleas. We reverse.
On February 26, 1998, Robert J. Headley, appellee, was indicted on fifteen counts by the Summit County Grand Jury. In a supplemental indictment handed down by the Summit County Grand Jury on August 11, 1998, Mr. Headley was indicted on fifteen additional counts including one count of aggravated theft by deception, in violation of R.C. 2913.02(A)(3), six counts of forgery, in violation of R.C. 2913.31(A)(2), and four counts of tampering with evidence, in violation of R.C. 2921.12(A)(2).
Mr. Headley filed motions to dismiss one count of aggravated theft by deception, four counts of forgery, and four counts of tampering with evidence on September 22, 1998 based on the statute of limitations. In rulings on February 11 and 16, 1999, after holding evidentiary hearings, the trial court dismissed the nine counts of the August indictment that Mr. Headley had challenged. The trial court dismissed the aforementioned counts as the trial court found that, based on the evidentiary hearings, they had not been instituted within the applicable statute of limitations period under R.C. 2901.13(A)(1)(a). This appeal followed.[1]
The State asserts one assignment of error:
 THE TRIAL COURT ERRED WHEN IT FAILED TO APPLY THE CORPUS DELICTI EXCEPTION TO A STATUTE OF LIMITATIONS ANALYSIS, LEADING TO THE ERRONEOUS DISMISSAL OF NINE COUNTS IN THE STATE'S INDICTMENT.
The State argues that the trial court erred by failing to apply the corpus delicti exception to the six-year statute of limitations set forth in R.C. 2901.13(A)(1)(a) when it determined that the State had not instituted proceedings against Mr. Headley within the statute of limitations period. While we agree that the trial court erred, we choose to base our decision on a more fundamental principle.
When a defendant in a criminal action files a motion to dismiss which goes beyond the face of the indictment, he is essentially moving for summary judgment.
 The Ohio Rules of Criminal Procedure, however, do not allow for "summary judgment" on an indictment prior to trial. State v. McNamee (1984), 17 Ohio App.3d 175, 17 OBR 306, 478 N.E.2d 843; Akron v. Davis (July 31, 1991), Summit App. No. 14989, unreported, 1991 WL 149743. Since [the defendant's] claim went beyond the face of the indictment, he could present his challenge only as a motion for acquittal at the close of the state's case. Crim.R. 29(A). As a general rule, "premature declarations," such as that presented [in a pretrial motion to dismiss], are strictly advisory and an improper exercise of judicial authority. Fortner v. Thomas
(1970), 22 Ohio St.2d 13, 14, 51 O.O.2d 35, 35, 257 N.E.2d 371, 372.
State v. Varner (1991), 81 Ohio App.3d 85, 86.
The trial court erred in granting Mr. Headley's pretrial motion to dismiss. The trial court went beyond the face of the indictment, conducting evidentiary hearings to determine when the crimes took place and whether the State had instituted proceedings after the six-year statute of limitations set forth in R.C.2901.13(A)(1)(a) had expired. On its face, the indictment alleged that the crimes at issue continued until between 1994 and the present, varying from count to count. Hence, on its face, the indictment, filed in 1998, did not violate the six-year statute of limitations. See R.C. 2901.13(A)(1)(a).
Moreover, "[w]ere we to recognize the validity of such [pretrial motions to dismiss], trial courts would soon be flooded with pretrial motions to dismiss alleging factual predicates in criminal cases." Varner, 81 Ohio App.3d at 86. Furthermore, "`pretrial orders involving statute of limitations challenges often do not conclusively determine the disputed question, cannot always be separated from the principal trial issue, and do not entail an irreparable loss of rights[.]'" State v. Torco TermitePest Control (1985), 27 Ohio App.3d 233, 235, quoting UnitedStates v. Levine (C.A.3, 1981), 658 F.2d 113, 129. Hence, we conclude that the trial court erred by looking beyond the face of the indictment when it granted Mr. Headley's motion to dismiss. Accordingly, the State's assignment of error is sustained.
The State's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause is remanded for further proceedings not inconsistent with this decision.
Judgment reversed, and cause remanded.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
WILLIAM G. BATCHELDER, FOR THE COURT
CARR, P.J. and WHITMORE, J. CONCUR
[1] The State's notice of appeal contained both a description of the order appealed from and, apparently as part of that description, a list of the counts dismissed. The list of counts dismissed, however, erroneously omitted one count that was dismissed. The State has submitted arguments as to that count in its brief, and Mr. Headley has submitted opposing arguments. Hence, although one count was omitted from the notice of appeal, we conclude that the notice of appeal did specify the "order or part thereof appealed from." App.R. 3(D).