DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, the State of Ohio, has appealed from the dismissal of the charge of driving under suspension against Defendant, Jeffrey Arroyo. We reverse.
On November 5, 1997, Defendant was arrested for driving under suspension. On March 5, 1998, Defendant moved the Oberlin Municipal Court to dismiss the charges and/or suppress the evidence obtained as a result of the traffic stop and subsequent investigation. On February 18, 1999, the court dismissed the case after finding that there was no probable cause for the stop. The State timely appealed.[1]
Pursuant to Crim.R. 48(B), a trial court may dismiss an indictment over the objections of the State. However, while Crim.R. 48 permits the court to dismiss an indictment, the circumstances under which this may occur are not enunciated within the criminal rules. In an attempt to clarify this provision, this court has previously held that:
 [t]he purpose of Crim. R. 48 is to maintain a defendant's right to a speedy trial, but the rule does not alter the pre-rule Ohio practice concerning the court's inherent power to dismiss. In our judgment, that power includes the right to dismiss with prejudice only where it is apparent that the defendant has been denied either a constitutional or a statutory right, the violation of which would, in itself, bar prosecution.
 State v. Sutton (1979), 64 Ohio App.2d 105, 108. The record fails to establish a violation of any constitutional or statutory right of Defendant. He has neither been twice placed in jeopardy nor has he been denied his constitutional or statutory rights to a speedy trial. Therefore, dismissal of the case could not have been sanctioned by Crim.R. 48.
When a defendant in a criminal action files a motion to dismiss which goes beyond the crime as charged, he is, essentially, moving for summary judgment. Lorain v. Slattery
(Sept. 22, 1999), Lorain App. No. 98CA007140, unreported, at 3. The Ohio Rules of Criminal Procedure, however, do not provide for summary judgment prior to trial. State v. McNamee, (1984),17 Ohio App.3d 175, 176; Akron v. Davis, (July 31, 1991), Summit App. No. 14989, unreported, at 3. Moreover, "were we to recognize the validity of such a procedure, trial courts would soon be flooded with pretrial motions to dismiss alleging factual predicates in criminal cases." State v. Varner (1991), 81 Ohio App.3d 85, 86. Since Defendant's claim went beyond the face of the complaint, he could present his challenge only as a motion for acquittal at the close of the state's case. See Crim.R. 29(A).[2]
In light of the fact that the trial court dismissed the charges based upon a review of the merits of the case prior to trial, the trial court, in essence, granted Defendant summary judgment. Since the trial court is not authorized to take this type of action, the State's assignment of error is sustained, and the judgment of the trial court is reversed.
Judgment reversed
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Oberlin Municipal Court, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
LYNN C. SLABY FOR THE COURT
BAIRD, P.J., CARR, J., CONCUR
[1] Both parties have presented briefs and arguments with respect to the propriety of the court's suppression of the evidence of the stop and search of Defendant. While it is implied that the court suppressed the evidence of the search and then subsequently decided that there was insufficient evidence of the crime to support the charges against Defendant, the trial court did not expressly suppress the evidence in question. Accordingly, this court will not address the issue of suppression at this time.
[2] Only those motions capable of being determined without the trial of the general issue may be raised prior to trial. Crim R. 12(B). Thus, an issue going directly to an essential element of the offense to be determined at trial is not properly raised by a pretrial motion. State v. McNamee, supra.