OPINION
Plaintiff-appellant, the state of Ohio, appeals from a judgment of the Franklin County Municipal Court dismissing a complaint filed against defendant-appellee, James D. Hood, II.
On July 22, 2000, appellee was arrested at the Greater Columbus Chamber of Commerce Jazz and Rib Festival for failing to leave the event after being asked to do so by the festival's coordinator, Andrea Van Sickle. Thereafter, appellee was charged with criminal trespass. The complaint filed against appellee states:
 *** [Appellee] did, without privilege, while being on the premises, to wit the premises of the Columbus Jazz and Rib Feast [sic] within the area s/o W. Broad St at S. Washington Blvd., of another, to wit The Greater Columbus Chamber of Commerce, Jazz Rib Feastival [sic] negligently refused to leave upon being notified to do so by the agent of the owner, to wit: Ms. Andrea Van Sickle Festival Coordinator, in violation of section 2911.21(A-4) O.R.C. ***.
Appellee moved to dismiss the complaint filed against him. In raising this motion, appellee claimed, in pertinent part, that the complaint was invalid on its face because it alleges that the Greater Columbus Chamber of Commerce, rather than the city of Columbus, owned the property where the festival was held. At a hearing on the motion, Andrea Van Sickle testified on behalf of appellant that the Greater Columbus Chamber of Commerce is a private entity consisting of businesses in the greater Columbus area. Van Sickle further testified that she sought and obtained from the city of Columbus various permits to hold the event in the downtown streets and parks.
On December 22, 2000, the trial court issued a written opinion dismissing the complaint filed against appellee. The trial court held:
 *** This court is unable to find, nor has the City provided, any caselaw that supports the position that an applicant issued a permit by the City of Columbus becomes an agent or owner of the City. Furthermore, this court is unable to find any law that supports [appellant's] assertion that the Chamber became the "owner" or occupant of the area in question or that Ms. Van Sickle became the agent of the City. Accordingly, the court finds that the complaint improperly listed the Greater Chamber of Commerce as the "owner" and, as such, is invalid.
Appellant appeals, raising one assignment of error:
 THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT SUSTAINED THE APPELLEE'S MOTION TO DISMISS THE CHARGE OF CRIMINAL TRESPASS FOR FAILING TO STATE AN OFFENSE WHEN THE COMPLAINT CONTAIN-ED ALL THE MATERIAL ELEMENTS OF THE OFFENSE OF CRIMINAL TRESPASS.
In its single assignment of error, appellant contends that the trial court erred in dismissing the complaint filed against appellee after concluding that the complaint was invalid. We agree.
Section 10, Article I, Ohio Constitution, guarantees to every defendant the right to know the "nature and cause of the accusations against him." The primary purpose of a charging instrument, in this case a complaint, is to fulfill this constitutional requirement by informing the defendant of the nature of the offense with which he or she is charged. State v. Neese (1996), 114 Ohio App.3d 93, 95, citing State v. Lindway (1936),131 Ohio St. 166, 182. See, also, State v. Burgun (1976),49 Ohio App.2d 112, 116.
Crim.R. 3 further delineates the requirements of a complaint and states:
 The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths.
In Burgun, the Eighth District Court of Appeals discussed what constitutes an "essential fact":
 In the context of criminal procedure the term "essential facts constituting the offense" can only mean those facts proof of which is required to obtain a conviction. The facts which the state must prove to obtain a conviction are those facts which constitute the elements of the crime charged. Viewed in this light, Crim.R. 3 means at a minimum that the list of essential facts contained in the complaint must state the essential elements of the crime charged. [Id. at 117.]
Here, appellee was charged with criminal trespass in violation of R.C.2911.21(A)(4), which specifies:
 No person, without privilege to do so, shall do any of the following:
***
 (4) Being on the land or premises of another, negligently fail or refuse to leave upon being notified to do so by the owner or occupant, or the agent or servant of either.
The above-noted complaint filed against appellee informed him of the "facts which constitute the elements of the crime charged." In particular, the complaint tracked the language of the statute defining criminal trespass and described how appellee's alleged conduct constituted criminal activity. Thus, the complaint comported with Crim.R. 3 and was, therefore, a valid complaint. Accordingly, we conclude that the trial court erred in dismissing the complaint as invalid.
The trial court committed further error by looking beyond the language of the complaint and deciding whether appellant would be able to prove that the Greater Columbus Chamber of Commerce owned or occupied the property where the festival took place. In State v. McNamee (1984),17 Ohio App.3d 175, the Third District Court of Appeals reviewed a trial court's decision to grant a defendant's motion to dismiss. In McNamee, the defendant was charged with a series of pandering obscenity charges. Id. at 175. The defense had moved to dismiss the charges on the ground that the items alleged to be obscene were not obscene as a matter of law. Id. at 176. The trial court agreed and dismissed the charges filed against the defendant. Id. at 175. The appellate court concluded that the trial court erred in dismissing the charges because it erroneously examined whether the prosecution could prove the elements of its case. Id. at 176. The court reasoned:
 It will be noted that only those motions capable of being determined without the trial of the general issue may be raised by motions before trial. Here, however, the issue goes directly to an essential element of the offense to be determined on trial of the general issue. The issue as to the legal sufficiency of the evidence is not properly raised by a pretrial motion and that motion should have been overruled.
 The defendant is attempting to create in a criminal case the equivalent of a motion for summary judgment and there is no provision for such a motion. [Id.]
In State v. Patterson (1989), 63 Ohio App.3d 91, the Second District Court of Appeals expanded upon the concept of there being no equivalent of a motion for summary judgment in a criminal case. In Patterson, the defendant, charged with theft by deception, moved to dismiss the complaint on the basis that any representation that she may have made did not result in her having received food stamps as alleged in the indictment. Id. at 94. The defendant submitted evidentiary materials in support of her motion. Id. at 95. After considering the defendant's evidentiary materials, the trial court overruled the motion to dismiss. Id. at 93. The appellate court concluded that it was improper for the trial court to consider the evidentiary material when ruling on the motion to dismiss. Id. at 95. According to the appellate court, "a motion to dismiss charges in an indictment tests the sufficiency of the indictment, without regard to the quantity or quality of evidence that may be produced by either the state or the defendant." Id. The court further stated:
 *** The proper determination was whether the allegations contained in the indictment made out offenses under Ohio criminal law. If they did, it was premature to determine, in advance of trial, whether the state could satisfy its burden of proof with respect to those charges. [Id.]
Nonetheless, the court ultimately concluded that the trial court did not err in overruling the motion to dismiss because the indictment against the defendant was valid. Id.
We agree with rationales in McNamee and Patterson that, when a trial court decides on the validity of a charging instrument, it is precluded from considering whether the prosecution could prove the elements of the charged offenses. Here, the trial court erroneously considered whether appellant could prove an allegation set forth in its complaint when it examined whether the Greater Columbus Chamber of Commerce owned or occupied the festival property.
We further recognize that, in its brief, appellant contends that it did not anticipate that the trial court would use Van Sickle's testimony to examine whether the Greater Columbus Chamber of Commerce owned or occupied the festival property. According to appellant, it offered Van Sickle's testimony for purposes of contradicting the constitutional claims appellee raised in seeking to have the complaint dismissed. However, regardless of appellant's reasons for having Van Sickle testify, the trial court was precluded from considering the testimony when determining the validity of the complaint filed against appellee.
Accordingly, based on the above, we conclude that the trial court erred in dismissing the complaint filed against appellee. As such, we sustain appellant's single assignment of error, reverse the judgment of the Franklin County Municipal Court and remand this cause to the trial court for further proceedings consistent with this opinion.
BRYANT, P.J., and BROWN, J., concur.