This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-Appellant Susan Buzek has appealed from a decision of the Akron Municipal Court that denied her motion to dismiss. This Court affirms.
 I
Appellant was charged with operating a gambling house in violation of R.C. 2915.03(A)(1)[1]. On July 13, 2001, Appellant filed a motion to dismiss and requested a hearing to present expert testimony in support of her motion to dismiss. On July 18, 2001, the trial court granted a motion filed by the city to amend the charge to illegal gambling in violation of R.C. 2915.02(A)(2).[2]
On July 19, 2001, the trial court overruled Appellant's motion to dismiss and denied Appellant's request for a hearing on the matter. On July 25, 2001, Appellant pled no contest to violating R.C. 2915.02(A)(2) and was found guilty of illegal gambling. Appellant received a ninety-day jail sentence, which was suspended, and was ordered to pay court costs. Appellant has appealed the trial court's decisions that denied her a hearing on her motion to dismiss and overruled her motion to dismiss. Appellant has asserted two assignments of error, which have been rearranged for ease of discussion.
 II Assignment of Error Number Two The trial court erred in concluding that no constitutional infirmities existed where, as here, the criminal charge is the result of an arbitrary, capricious classification and is otherwise violative of equal protection.
In her second assignment of error, Appellant has asserted that the trial court erred by not finding the classification of poker as a "game of chance" unconstitutional.
"In reviewing the propriety of a criminal indictment issued under Ohio law, a trial court may determine only whether the indictment is valid on its face[.]" State v. Bader (June 20, 2001), Wayne App. Nos. 00CA0087, 00CA0088, 00CA0089, unreported, at 3; see, also, Akron v. Thomas (Jan. 27, 1999), Summit App. No. 19031, unreported, at 3. "A motion to dismiss an indictment tests the sufficiency of the indictment, without regard to the quantity or quality of evidence that may be produced by either [the State] or the defendant." (Quotations omitted.) Bader, at 4. A count of an indictment "is sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified." R.C. 2941.05; see, also, Crim.R. 7(B).
When a defendant in a criminal action files a motion to dismiss which goes beyond the face of the indictment, she is essentially moving for summary judgment. "The Ohio Rules of Criminal Procedure, however, do not allow for "summary judgment" on an indictment prior to trial." State v.Varner (1991), 81 Ohio App.3d 85, 86; see, also, State v. Headley (Dec. 22, 1999), Summit App. No. 19481, unreported, at 3, appeal not allowed (2000), 88 Ohio St.3d 1496; State v. McNamee (1984), 17 Ohio App.3d 175,176; Akron v. Davis (July 31, 1991), Summit App. No. 14989, unreported, at 3.
The record reflects that two complaints/warrants were issued against Appellant. The initial one involved operating a gambling house in violation of R.C. 2915.03(A)(1), and the amended one involved illegal gambling in violation of R.C. 2915.02(A)(2). Neither complaint/warrant specified the type of gambling involved. The trial court's order stated that Appellant asserted, in her motion to dismiss, that the charge against her was unprovable and unconstitutional because poker is a game of skill rather than chance. This Court finds that since poker was not listed in either of the complaints/warrants, the issue of poker as a game of chance or skill was not properly before the trial court.[3]
Therefore, the trial court should have limited its consideration of the motion to a review of the face of the indictment and summarily dismissed the motion because each complaint/warrant was sufficient on its face. Accordingly, Appellant's second assignment of error is overruled.
 Assignment of Error Number One The trial court erred in refusing to allow, although duly requested, a hearing regarding factual issues capable of ascertainment prior to the trial.
As part of her motion to dismiss, Appellant requested a hearing to present evidence in support of her motion. Appellant has asserted that the trial court erred by not allowing her to present expert testimony relating to poker as a game of skill versus a game of chance. Appellant's first assignment of error is rendered moot by our resolution of Appellant's second assignment of error. App.R. 12(A)(1)(c).
 III
Appellant's second assignment of error is overruled and Appellant's first assignment of error is moot. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for these appeals.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
BAIRD, P.J., CARR, J. CONCUR.
[1] Pursuant to R.C. 2915.03(A)(1), "[n]o person, being the owner or lessee, or having custody, control, or supervision of premises, shall * * * [u]se or occupy such premises for gambling in violation of [R.C.2915.02][.]"
[2] Pursuant to R.C. 2915.02(A)(2), no person shall "[e]stablish, promote, or operate or knowingly engage in conduct that facilitates any scheme or game of chance conducted for profit[.]"
[3] Had one of the complaints/warrants expressly referenced "poker" or cross referenced R.C. 2915.01(D), Appellant could have challenged the constitutionality of the indictment on a motion to dismiss.