Appellant, the Board of Education of the William R. Burton Vocational Center Schools ("Board"), appeals from the decision of the Lorain County Court of Common Pleas, reducing appellee's, Tasha Forbes's, expulsion from eighty days to forty days. We reverse.
Tasha Forbes, a sixteen year old, was a student in eleventh grade at Lorain County Joint Vocational School ("LCJVS"). On October 26, 1998, Ms. Forbes engaged in a fight with a fellow student, which resulted in a suspension for five days. James Piper, an assistant principal at LCJVS, warned Ms. Forbes not to be involved in a second fight. However, on November 24, 1998, Ms. Forbes was involved in another physical confrontation. During the school year, Ms. Forbes had been repeatedly harassed by a group of female students, including a student named Flo. Ms. Forbes had made complaints to school officials and had even changed lunchrooms. Then, on the day of the incident, one of Ms. Forbes's friends started fighting with Flo in the lunchroom. Ms. Forbes successfully separated the two students. After being spit upon and pushed by Flo, Ms. Forbes became involved in a physical confrontation with her. School officials split the two students apart.
As the LCJVS had a policy of expelling students for fighting more than once, which is memorialized in the student handbook, Dr. James Watson, the superintendent for the LCJVS, expelled Ms. Forbes for a period of eighty days, in accordance with R.C.3313.66(B)(1). See, also, R.C. 3311.19(D). Through her next friend Ms. Deena Baire, who is Ms. Forbes's mother, Ms. Forbes appealed this decision to the Board of Education. An administrative hearing was held on January 15, 1999. On January 18, 1999, the Board of Education's hearing officer, Mr. Michael R. Fegen, affirmed the decision of the superintendent to expel Ms. Forbes for eighty days; however, he held that the expulsion began to run on November 25, 1998, which is the first day that Ms. Forbes was suspended.
On behalf of her daughter, Ms. Baire timely appealed this decision to the Lorain Country Court of Common Pleas. In an order journalized on February 2, 1999, the trial court analyzed this case under the standard of review set forth in R.C. 2506.04. The trial court held that the Board's decision to expel Ms. Forbes for eighty days was unreasonable and unsupported by the preponderance of substantial, reliable and probative evidence; thus, the trial court chose to modify and reduce the expulsion from eighty days to forty days. This appeal followed.
Appellant asserts one assignment of error:
 THE TRIAL COURT ERRED BY IMPROPERLY SUBSTITUTING ITS JUDGMENT FOR THAT OF THE BOARD OF EDUCATION AND REDUCING APPELLEE'S EXPULSION FROM EIGHTY DAYS TO FORTY DAYS.
 As a preliminary matter, appellant avers that even though appellee has finished her expulsion and returned to school, the case sub judice is not moot because the issues in this case are capable of repetition, yet evading review and are of great general interest. We agree.
Generally, Ohio courts exercise jurisdictional restraint in cases that are not actual controversies. Fortner v. Thomas
(1970), 22 Ohio St.2d 13, 14. Thus, courts will generally not decide cases that have become moot. Miner v. Witt (1910), 82 Ohio St. 237,238.
 In determining whether a case is moot, "`[t]he duty of this court, as of every judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."
 State ex rel. Eliza Jennings, Inc. v. Noble (1990), 49 Ohio St.3d 71, 74, quoting Miner, 82 Ohio St. at 238. However, the Supreme Court of Ohio has created two exceptions to the mootness doctrine that allow a court "to hear a cause of action which has otherwise been rendered moot." In re Suspension of Dreyfus (Sept. 5, 1996), Cuyahoga App. No. 70004, unreported, 1996 WL 502149, at *3. First, the Supreme Court of Ohio held that "[a] case is not moot if the issues are capable of repetition, yet evading review." In re Appeal of Suspension of Huffer from Circleville High School (1989), 47 Ohio St.3d 12, paragraph one of the syllabus, approving and following State ex rel. The Repository v. Unger (1986), 28 Ohio St.3d 418. A situation is capable of repetition, yet evading review where two elements combine: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." Weinstein v. Bradford (1975), 423 U.S. 147, 149, 46 L.Ed.2d 350, 353. Second, a court may review a case if it "involves a matter of public or great general interest." In re Appeal of Suspension of Huffer, 47 Ohio St.3d at 14.
Ohio courts have held that student disciplinary cases are capable of repetition, yet evading review, "since students who challenge school board rules generally graduate before the case winds its way through the court system." In re Appeal ofSuspension of Huffer, 47 Ohio St.3d at 14. Similarly, we find that the present case is capable of repetition, yet evades review, as it was too short in duration to be fully litigated prior to the end of Ms. Forbes's expulsion, and there is a reasonable expectation that the Board would be subjected to the same action in the future. Moreover, "[t]he issue of the authority of local school boards to make rules and regulations is of `great general interest.'" Id. Hence, we hold that although no live controversy exists, we are forced to review the trial court's decision by the Ohio Supreme Court since it is capable of repetition, yet evading review and is of great general interest.
In its single assignment of error, the Board asserts that the trial court erred when it improperly substituted its judgment for that of the Board and reduced appellee's expulsion from eighty days to forty days. We agree.
In an action brought pursuant to R.C. Chapter 2506, the appeal is first addressed to the court of common pleas of the appropriate county. See R.C. 2506.01 The common pleas court's standard of review is set forth in R.C. 2506.04:
 [t]he court may find the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from[.]
 The court of common pleas engages in a hybrid form of review in that it must make both factual and legal determinations. Dudukovich v. Hous. Auth. (1979), 58 Ohio St.2d 202, 207. Thus, to a limited extent, a substitution of judgment by the reviewing common pleas court is permissible. Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 111. However, the trial court may not "blatantly substitute its judgment for that of the agency, especially in areas of administrative expertise. The key term is `preponderance.' If a preponderance of reliable, probative and substantial evidence exists, the Court of Common Pleas [sic] must affirm the agency decision; if it does not exist, the court may reverse, vacate, modify or remand." Dudukovich, 58 Ohio St.2d at 207.
Our standard of review is even more limited. In reviewing whether the court of common pleas correctly applied the aforementioned standard of review, "this court has a limited function, which does not involve a determination as to the weight of the evidence." In re Annexation of 1,544.61 Acres (1984),14 Ohio App.3d 231, 233. Rather, this court's scope of review is limited to whether the common pleas court abused its discretion.Qualls v. Civ. Serv. Comm. (June 18, 1997), Summit App. No. 17977, unreported, at 3. To constitute an abuse of discretion, a trial court's action must be arbitrary, unreasonable, or unconscionable. State ex rel. The V Cos. v. Marshall (1998),81 Ohio St.3d 467, 469. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
In the case sub judice, we find that the trial court abused its discretion in determining that the Board's decision to expel Ms. Forbes for eighty days was unsupported by a preponderance of substantial, reliable and probative evidence. As previously noted, the court of common pleas may not blatantly substitute its judgment for that of the Board, especially in areas of the Board's expertise. Dudukovich, 58 Ohio St.2d at 207. Here, maintaining school safety and, consequently, an atmosphere conducive to education is an area within the Board's expertise. As determined by the legislature, the Board has the authority to set policies to that end, including setting appropriate penalties within statutory limits for infractions of school rules. See R.C. 3313.66 et seq. In the present case, the LCJVS had a policy of expelling students after they engaged in a second fight, as memorialized in the student handbook. Ms. Forbes engaged in a physical altercation in October 1998 and was suspended for five days. Despite being warned by school officials not to fight again, Ms. Forbes engaged in another physical confrontation after being provoked by another student in November 1998. Thus, the fight for which Ms. Forbes is being punished was the second fight in a matter of weeks. Furthermore, even though Ms. Forbes initially entered the confrontation to prevent her friend from fighting, she had other avenues of recourse, namely reporting the incident to school officials so that they could address the situation. Therefore, we find that the Board's decision to expel Ms. Forbes for eighty days was not unreasonable and was supported by a preponderance of substantial, reliable and probative evidence. Hence, we conclude that the trial court abused its discretion by substituting its judgment for that of the Board by reducing Ms. Forbes's expulsion from eighty days to forty days.
Accordingly, the Board's assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded with instructions to reinstate the decision of the Board.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellees.
Exceptions.
 ___________________________________ WILLIAM G. BATCHELDER FOR THE COURT
BAIRD, P.J. CONCURS