Fortner, Appellee, *v.* Thomas et al., Liquor Control Commission, Appellants.

[Cite as Fortner v. Thomas (1970), 22 Ohio St. 2d 13.]

(No. 69-86—Decided April 8, 1970.)

14

*Messrs. Topper & Alloway, Mr. Isadore Topper* and *Mr. James F. DeLeone,* for appellee.

*Mr. Paul W. Brown,* attorney general, and *Mr. James E. Rattan,* for appellants.

HERBERT, J. It has been long and well established that it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect. It has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies. The extension of this principle includes enactments of the General Assembly (*Pfeifer* v. *Graves* [1913], 88 Ohio St. 473, 104 N. E. 529; *Foster* v. *Commrs. of Wood County* [1859], 9 Ohio St. 540, 544); questions which are moot (*Miner* v. *Witt* [1910], 82 Ohio St. 237, 92 N. E. 21); and administrative or quasi-legislative proceedings of administrative officers and agencies (*Zangerle* v. *Evatt* [1942], 139 Ohio St. 563, 41 N. E. 2d 369; *Craun Transportation, Inc.,* v. *Pub. Util. Comm.* [1954], 162 Ohio St. 9, 120 N. E. 2d 436; *Morgan County Budget Comm.* v. *Board of Tax Appeals* [1963], 175 Ohio St. 225, 193 N. E. 2d 145; see concurring opinion of Schneider, J., in *Tuber* v. *Perkins* [1966], 6 Ohio St. 2d 155, 158, 216 N. E. 2d 877, and compare *Poe* v.

*Ullman* [1961], 367 U. S. 497, 6 L. Ed. 2d 989). The cases involving administrative proceedings were decided both before and after adoption of the Administrative Procedure Act and represent a consistent line of authority relative to judicial review of quasi-legislative proceedings of administrative officers and agencies.

At the time of those decisions, Section 2 of Article IV of the Ohio Constitution conferred upon this court "such revisory jurisdiction of the proceedings of administrative officers as may be conferred by law." At the same time, Section 4 of that article specified that "the jurisdiction of the Courts of Common Pleas, and of the judges thereof, shall be fixed by law."

*Zangerle* interpreted the word "proceedings," in Section 2 of Article IV, to include quasi-judicial proceedings and exclude quasi-legislative proceedings. As stated in the *Zangerle* opinion, at page 574:

"Whether the rule in question is one which the Tax Commissioner may or may not make and promulgate is not properly raised here. Our immediate inquiry is whether rule-making by the commissioner and appeal to or revision by the Board of Tax Appeals is such a proceeding as may be appealed to this court under its revisory jurisdiction of the proceedings of administrative officers.

"What rights and whose rights have been affected? What adjudication may be made in respect of this rule? On whom would our decision be binding? To attempt to establish the right or wrong of this rule for the valuation of property in the absence of any owner whose property is to be valued would be a violation of judicial ethics and should not be tolerated."

And, at page 580 in the opinion:

"* * * action taken by a board in adopting a valid rule is not justiciable by a court on review. The validity of a rule can be determined only when that question arises in connection with a matter that is justiciable. * * *"

The first and fifth paragraphs of the syllabus in *Zangerle* provide:

"1. The revisory jurisdiction of the proceedings of administrative officers authorized by Section 2, Article IV of the Ohio Constitution, contemplates *quasi*-judicial proceedings only."

"5. Courts will not aid in making or revising rules of administrative officers, boards or commissions, being confined to deciding whether such rules are reasonable and lawful as applied to the facts of a particular justiciable case."

Article IV of our Constitution has been amended since *Zangerle* and the cited subsequent decisions. Section 4(B) of that Article now states:

"The Courts of Common Pleas shall have * * * such powers of review of proceedings of administrative officers and agencies as may be provided by law."

It seems clear that by employing in the amendatory language the same phrase, "proceedings of administrative officers," that had been the subject of our scrutiny in *Zangerle,* the framers of the constitutional amendment intended to maintain the impact of that and following decisions in the area of judicial review of proceedings of administrative officers and agencies. Therefore, the instant appeal clearly presents the question of the meaning and effect of R. C. 119.11.

R. C. 119.11 provides, in part:

"Any person adversely affected by an order of an agency in adopting, amending, or rescinding a rule or in adopting, readopting, or continuing a rule, amendment, or rescission previously adopted as an emergency rule as provided in Section 119.03 of the Revised Code, may appeal to the Court of Common Pleas of Franklin County on the ground that said agency failed to comply with the law in adopting, amending, rescinding, publishing, or distributing said rule, or that the rule as adopted or amended by the agency is unreasonable or unlawful, or that the rescission of the rule was unreasonable or unlawful."

In spite of the above-cited cases, it has apparently been assumed that the General Assembly intended for R. C.

119.11 to serve as a vehicle for the judicial testing of quasi-legislative proceedings of administrative officers and agencies. As in the case at bar, R. C. 119.11 has been used as a method of challenging the lawfulness of an administrative regulation in a vacuum—of obtaining judicial review of a quasi-legislative proceeding. We doubt that the statute ever gave such authority to the Court of Common Pleas of Franklin County, and the amendment to Section 4 of Article IV of the Constitution is supportive of that doubt.

It was contended in the oral argument of this case that the use of R. C. 119.11 to obtain such a judicial review should be continued for the reason that it would assure a central source of regulatory interpretation. While the reason expressed for such advocacy has merit, the subject matter of the statute has, by its own terms, long been cognizable in a proceeding under R. C. 119.12,[1] thus cast-

---

[1] R. C. 119.12.

"Any party adversely affected by any order of an agency issued pursuant to an adjudication denying an applicant admission to an examination, or denying the issuance or renewal of a license, registration of a licensee, or revoking or suspending a license, may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident, provided that appeals from decisions of the liquor control commission may be to the court of common pleas of Franklin county. If any such party is not a resident of and has no place of business in Ohio, he may appeal to the court of common pleas of Franklin county.

"Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin county, except that appeals from orders of the fire marshal, issued under Section 3737.20 of the Revised Code, may be to the court of common pleas of the county in which the building of the aggrieved person is located.

"This section does not apply to appeals from the department of taxation.

"Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of his appeal. A copy of such notice of appeal shall also be filed by appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within

ing doubt upon the reality of such centralization. See *Stouffer Corp.* v. *Board of Liquor Control* (1956), 165 Ohio St. 96, 99, 133 N. E. 2d 325. Furthermore, it seems logical that any order which effectuates or employs a rule, amendment or rescission that is unreasonable or unlawful could not be an order "in accordance with law" as that language appears in R. C. 119.12. The same logic applies

---

fifteen days after the mailing of the notice of the agency's order as provided in this section.

"The filing of a notice of appeal shall not automatically operate as a suspension of the order of an agency. If it appears to the court that an unusual hardship to the appellant will result from the execution of the agency's order pending determination of the appeal, the court may grant a suspension and fix its terms. In the event an appeal is taken from the judgment of the court and the court has previously granted a suspension of the agency's order as provided in this section such suspension of the agency's order shall not be vacated and shall be given full force and effect until the matter is finally adjudicated. No renewal of a license or permit shall be denied by reason of such suspended order during the period of the appeal from the decision of the court of common pleas. The final order of adjudication may apply to any renewal of a license or permit which has been granted during the period of the appeal.

"Within twenty days after receipt of notice of appeal from an order in any case wherein a hearing is required by Sections 119.01 to 119.13, inclusive, of the Revised Code, the agency shall prepare and certify to the court a complete record of the proceedings in the case. Failure of the agency to comply within the time allowed shall, upon motion, cause the court to enter a finding in favor of the party adversely affected. Additional time, however, may be granted by the court, not to exceed ten days, when it is shown that the agency has made substantial effort to comply. Such record shall be prepared and transcribed and the expense thereof shall be taxed as a part of the costs on the appeal. The appellant must provide security for costs satisfactory to the court of common pleas. Upon demand by any interested party, the agency shall furnish at the cost of the party requesting it a copy of the stenographic report of testimony offered and evidence submitted at any hearing and a copy of the complete record.

"Unless otherwise provided by law, in the hearing of the appeal the court is confined to the record as certified to it by the agency. Unless otherwise provided by law, the court may grant a request for the admission of additional evidence when satisfied that such

to an order effectuating or employing a rule, amendment or rescission which was adopted contrary to lawful procedure.

It is our conclusion that R. C. 119.11 may not be employed to obtain judicial review of quasi-legislative proceedings of administrative officers and agencies, and that such was done in the instant case. Therefore, the judg-

---

additional evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the agency.

"The court shall conduct a hearing on such appeal and shall give preference to all proceedings under Sections 119.01 to 119.13, inclusive, of the Revised Code, over all other civil cases, irrespective of the position of the proceedings on the calendar of the court. The hearing in the court of common pleas shall proceed as in the trial of a civil action, and the court shall determine the rights of the parties in accordance with the laws applicable to such action. At such hearing counsel may be heard on oral argument, briefs may be submitted, and evidence introduced if the court has granted a request for the presentation of additional evidence.

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. The judgment of the court shall be final and conclusive unless reversed, vacated, or modified on appeal. Such appeals may be taken either by the party or the agency and shall proceed as in the case of appeals in civil actions as provided in Sections 2505.01 to 2505.45, inclusive, of the Revised Code. Such appeal by the agency shall be taken on questions of law relating to the constitutionality, construction, or interpretation of statutes and rules and regulations of the agency and in such appeal the court may also review and determine the correctness of the judgment of the court of common pleas that the order of the agency is not supported by any reliable, probative, and substantial evidence in the entire record. Such appeals may be taken regardless of the fact that a proceeding was pending prior to the amendment of this section expressly authorizing such appeals, provided such appeals are perfected by the filing of notice of appeal within the time prescribed by Section 2505.07 of the Revised Code.

"The court shall certify its judgment to such agency or take such other action necessary to give its judgment effect."

ment of the Court of Appeals is reversed and the cause is dismissed.

*Judgment reversed.*

O'NEILL, C. J., ABELE, SCHNEIDER and CORRIGAN, JJ., concur.[2]

ABELE, J., of the Fourth Appellate District, sitting for MATTHIAS, J.

DUNCAN, J., concurring in decision. Only with great hesitancy do I further fan the fire of the result reached herein, with which I agree. The abandonment of a well understood and widely used statutory vehicle for the judicial review of rules promulgated in accordance with R. C. 119.-01 to 119.13 is a matter of great concern. Therefore, I take this opportunity to make my position clear in this very important decision.

As I understand it, the underlying premise of the majority is that the 1968 amendment to Section 4, Article IV of the Ohio Constitution was the enactment of this court's justiciable case or controversy construction placed upon the original version of Section 2, Article IV. (See cases cited in the majority opinion concerning actual controversy requirements.) The majority opinion states that the use of the phrase "proceedings of administrative officers" shows an intent by the framers of the amendment to maintain the impact of the decisions of the court. I agree, and add that the insertion of the word "justiciable" flavors the entire amendment and represents definite ratification of the interpretations previously issued by this court. Thus, while agreeing with the conclusion that a court's jurisdiction is constitutionally limited to actual controversies, it is my opinion that any statute which purports to expand that constitutional limitation is unconstitutional.

As I read R. C. 119.11, it attempts to give the courts

---

[2] CHIEF JUSTICE TAFT participated in this case which was, however, decided after his death.

jurisdiction to review that which the majority calls "quasi-legislative proceedings of administrative officers and agencies." That section reads in part: "* * * but no person affected thereby shall be precluded from attacking at any time the reasonableness or legality of any rule in its application to a particular set of facts or circumstances." Using this language, the General Assembly attempts to give an opportunity for a *second* review of a rule as regards a particular set of facts. This provision takes on meaning only if the rule were intended to be reviewed without a particular set of facts in the first instance. By this attempt to grant a review of quasi-legislative matters I believe that the constitutional limitation has been offended.

While I recognize the majority's desire not to rule a statute unconstitutional unless unavoidable, it is my belief that, as a practical matter, the majority opinion renders R. C. 119.11 meaningless. I can conceive of no situation other than the review of a quasi-legislative proceeding to which 119.11 would be relevant. Justice Herbert points out that quasi-judicial proceedings are open to attack under Section 119.12, Revised Code. Thus, if the majority is trying to save the constitutionality of R. C. 119.11 because it also grants jurisdiction to review quasi-judicial proceedings, it is implicitly saying that R. C. 119.12 is redundant and repetitive when it grants jurisdiction to review quasi-judicial proceedings. Moreover, R. C. 119.11 and 119.12 by their terms deal with different things. R. C. 119.11 concerns "order[s] adopting * * * rules," whereas R. C. 119.12 pertains to an order arising from an "adjudication."

While I do not disagree with the result reached by the majority opinion, it says merely that R. C. 119.11, *supra,* cannot be used to review quasi-legislative proceedings because the Ohio Constitution and the cases of this court limit jurisdiction to the review of quasi-judicial proceedings.

If the Ohio Constitution is truly an instrument of limitation of legislative power (see, *e. g., State, ex rel. Jackman,* v. *Court of Common Pleas,* 9 Ohio St. 2d 159, citing

*McNab* v. *Board of Park Commrs.,* 108 Ohio St. 497, 501), any legislation, insofar as it seeks to exceed those limits, must be violative of the Constitution. Since I perceive the purpose for R. C. 119.11, *supra,* in part, to be an attempt to grant jurisdiction to review quasi-legislative proceedings and since such a grant is prohibited by the actual controversy requirement as contained in the Constitution and as construed by this court, I believe that there is no cognizable way to avoid holding R. C. 119.11 unconstitutional insofar as judicial review of quasi-legislative rules is involved.

Schneider, J., concurs, also, in the foregoing concurring opinion.