In re Appropriation of Lands: Masheter, Dir. of Highways, Appellee, *v.* Hoffman et al., Appellants.

[Cite as Masheter v. Hoffman (1971), 26 Ohio St. 2d 267.]

(No. 70-538—Decided June 23, 1971.)

268

*Mr. William J. Brown*, attorney general, and *Mrs. Rita Page Reuss*, for appellee.

*Messrs. Rini & Hecht* and *Mr. Donald L. Goldman*, for appellants.

*Per Curiam.* Appellants' motion in the Court of Appeals requesting certification of the case set forth as a basis for the motion a claimed conflict between the Court of Appeals' judgment in this case and that of the Court

of Appeals for Marion County in the first paragraph of the syllabus of *In re Appropriation for Hwy. Purposes* (1968), 15 Ohio App. 2d 55; affirmed on other grounds, 18 Ohio St. 2d 214.

However, the Court of Appeals' journal entry certifying the case to this court does not indicate the rule of law upon which the conflict exists, as required by Section 6, Rule III, Rules of Practice of the Supreme Court of Ohio.*

We observe that the record does not reveal that the Court of Appeals determined whether the trial court's ruling, if erroneous, served to prejudice appellants' rights. In the absence of such a ruling, any opinion in the cause would be advisory, and outside the authority of this court to render. See, *Fortner* v. *Thomas* (1970), 22 Ohio St. 2d 13, 14.

Therefore the cause is remanded to the Court of Appeals for a determination of whether appellants' rights were prejudiced at trial, and to indicate by journal entry the rule of law upon which a conflict exists.

*Judgment reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.

---

*Rule III, Section 6 of the Rules of Practice of the Supreme Court of Ohio reads as follows:

"In a case certified to this court if the rule of law upon which the alleged conflict exists is not clearly set forth in the journal entry or opinion of the Court of Appeals certifying the case, the case may be remanded to the Court of Appeals with an order that the issue presented be clarified by such court."