I concur in judgment only because I must respectfully disagree with the majority's well-intentioned attempt to frame model questions which could "include at a minimum" what is constitutionally required under Crim.R. 11(C)(2) in accepting a plea. I firmly believe we would be well advised to limit our review to the present case and not offer what I consider to be advisory opinions for what would be proper in hypothetical cases.
I agree that the temptation is great to be helpful to the trial court by detailing what would be acceptable in future cases. However, we are admonished to exercise judicial restraint and not address purely hypothetical or moot situations. See Fortner v.Thomas(1970), 22 Ohio St.2d 13, 14:
 It has been long and well established that it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect. It has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies.
Whether the majority's protocols would be acceptable to future panels of this Court from time to time configured, is a matter about which I am not willing to hazard a guess. I concur in the majority's judgment and opinion except for the footnotes.