This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, the city of Lorain ("the City"), appeals from the decision of the Lorain Municipal Court. We reverse.
On October 12, 1997, Officer Morales of the Lorain Police Department was dispatched to 4712 Gary Avenue, Lorain, Ohio. His dispatch was pursuant to the report of a burglary in progress at that residence. Upon arriving at the residence, Office Morales learned from witnesses that appellee's son was observed exiting the burgled residence and fleeing on foot to the residence of Mr. Gregory Slattery, Sr., appellee.
Officer Morales, now accompanied by Officer Wolford, Officer Gonzalez, and Sergeant Puza of the Lorain Police Department and several deputies from the Lorain County Sheriff's Department, proceeded to Mr. Slattery's residence. Upon arriving, the officers set up a perimeter and then knocked on the front door and windows, shouting "Lorain Police." There was no response from inside the home for several minutes. By the time Mr. Slattery answered front the door, one officer had already entered Mr. Slattery's home through a side door. After answering the door, Mr. Slattery was ordered out of his home by the officers. Mr. Slattery responded by shouting obscenities and slamming the front door. Mr. Slattery then attempted to exit the premises through the residence's rear door. While attempting to exit his home, he was intercepted inside by several of the officers who had come in the side door. Mr. Slattery became angry and struggled with the officers.
Mr. Slattery was arrested and charged with one count of obstructing official business, in violation of Lorain City Ordinance 525.07, and with one count of resisting arrest, in violation of Lorain City Ordinance 525.09 and R.C. 2921.33. On December 23, 1997, Mr. Slattery filed a motion to dismiss before the trial court. His motion to dismiss was based on the officers' warrantless entry into his property and seizure of his person in violation of his Fourth Amendment rights. On January 30, 1998, the trial court held a hearing on the issue. Each party filed a memorandum of law on February 4, 1998, upon the request of the trial court. On May 21, 1998, the trial court granted Mr. Slattery's motion to dismiss. This appeal followed.
The City asserts one assignment of error:
 The Trial Court erred when it granted a [sic] Defendant's Motion to Dismiss a criminal complaint based, not upon the sufficiency of the charging instrument, but upon a percieved [sic] Fourth Amendment search and seizure violation by the arresting officers.
The City asserts that the trial court should not have granted Mr. Slattery's pre-trial motion to dismiss based on a Fourth Amendment violation, but rather, that a trial court may only grant such a motion if the criminal complaint is inadequate on its face. Moreover, the City argues that the trial court should not examine evidence beyond the face of the criminal complaint in ruling on a pre-trial motion to dismiss, but should rely on the statements in the complaint. We agree.
When a defendant in a criminal action files a motion to dismiss which goes beyond the face of the indictment, he is, essentially, moving for summary judgment.
 The Ohio Rules of Criminal Procedure, however, do not allow for "summary judgment" on an indictment prior to trial. State v. McNamee (1984), 17 Ohio App.3d 175, 17 OBR 306, 478 N.E.2d 843; Akron v. Davis (July 31, 1991), Summit App. No. 14989, unreported, 1991 WL 149743. Since [the defendant's] claim went beyond the face of the indictment, he could present his challenge only as a motion for acquittal at the close of the state's case. Crim.R. 29(A). As a general rule, "premature declarations," such as that presented [in a pre-trial motion to dismiss], are strictly advisory and an improper exercise of judicial authority. Fortner v. Thomas
(1970), 22 Ohio St.2d 13, 14, 51 O.O.2d 35, 35, 257 N.E.2d 371, 372.
State v. Varner (1991), 81 Ohio App.3d 85, 86.
The City's assignment of error is well founded. The trial court had to examine evidence of the officers' actions and motivations to determine the propriety of Mr. Slattery's motion to dismiss. Hence, the trial court went beyond the face of the indictment in ruling upon Mr. Slattery's motion to dismiss. There is no provision in the Ohio Rules of Criminal Procedure for such a motion and granting such a motion was an improper exercise of judicial authority. Moreover, "[w]ere we to recognize the validity of such a procedure, trial courts would soon be flooded with pretrial motions to dismiss alleging factual predicates in criminal cases." Id. Hence, we conclude that the trial court erred in granting Mr. Slattery's motion to dismiss. Accordingly, the City's assignment of error is sustained.
The City's assignment of error is sustained. The judgment of the Lorain Municipal Court is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.
Judgment reversed, and cause remanded.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Lorain Municipal Court, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
 FOR THE COURT
BAIRD, P.J.
SLABY, J.
CONCUR