{¶ 8} On March 18, 2001, an SUV in which appellee was a passenger was stopped for speeding. The officer who pulled the SUV over was a certified narcotics canine handler for the Ohio State Highway Patrol.
 {¶ 9} Based on suspicious statements made by the driver and her nervousness, the trooper walked his canine around the vehicle. The canine alerted to the odor of illegal drugs by scratching at the right rear passenger side of the SUV close to where appellee was still seated. The trooper then asked the passengers to exit the SUV and conducted a search of the vehicle for drugs.
 {¶ 10} The trooper found a folded dollar bill containing .162 grams of powder cocaine inside the pocket of a woman's vest on the backseat next to where appellee was seated. The trooper, also found a clear, glass vial containing .278 grams of powder cocaine underneath the rear driver's seat next to where appellee had been seated. Finally, a brown glass vial containing .483 grams of powder cocaine was found hidden on the front center console between the driver's seat and the front passenger seat. The trooper then searched appellee's purse and found a small quantity of cocaine residue in a change purse.
 {¶ 11} Appellee was subsequently indicted with Possession of Drugs (Cocaine) in violation of R.C. 2925.11(A), a felony of the fifth degree. A jury trial was scheduled but, before voir dire started, the trial court sua sponte excluded most of the State's cocaine evidence pursuant to Evid. R. 403(A) as being more prejudicial than probative since there was not sufficient evidence to link appellee to the cocaine. The court excluded all of the evidence of cocaine in the vehicle except the minute amount found in appellee's purse. The trial court restated its ruling on the record prior to opening statements. The State objected. During trial, the State moved the court to reconsider its ruling. Both motions were denied.
 {¶ 12} The majority equates the trial court's action to a ruling on a motion in limine and holds that the State has not properly preserved the issue for appeal. However, I equate the trial court's action more to a premature ruling on the sufficiency of the evidence, like a partial acquittal prior to presentation of the evidence and, therefore, improper. This Court has repeatedly held that a trial court cannot engage in a preliminary review of the sufficiency of the evidence against an accused. See State v. Varner (1991), 81 Ohio App.3d 85; Akron v. Buzek
(Apr. 24, 2002), 9th Dist. No. 20728; State v. Bader (June 20, 2001), 9th Dist. Nos. 00CA0087, 00CA0088, 00CA0089.
 {¶ 13} In Varner, this Court was faced with a similar issue of a court's preliminary ruling on the sufficiency of the evidence prior to trial. In that case, the defendant was charged with breaking and entering and signed a bond for his release. He failed to appear for his arraignment and was subsequently indicted for failure to appear in violation of a recognizance bond. See R.C. 2937.29. The defendant moved to dismiss the indictment on the basis that he was never actually bound by a recognizance bond. In ruling on the motion, the trial court had to examine the factual basis of the indictment that is whether the defendant was bound by the bond. The trial court dismissed the indictment and the State appealed. This Court reversed and held:
 "The Ohio Rules of Criminal Procedure *** do not allow for `summary judgment' on an indictment prior to trial. State v. McNamee (1984), 17 Ohio App.3d 175, 17 OBR 306, 478 N.E.2d 843; Akron v. Davis (July 31, 1991), Summit App. No. 14989, unreported, 1991 WL 149743. Since Varner's claim went beyond the face of the indictment, he could present his challenge only as a motion for acquittal at the close of the state's case. Crim.R. 29(A). As a general rule, `premature declarations,' such as that presented here, are strictly advisory and an improper exercise of judicial authority. Fortner v. Thomas (1970), 22 Ohio St.2d 13, 14, 51 O.O.2d 35, 35, 257 N.E.2d 371, 372.
 "Were we to recognize the validity of such a procedure, trial courts would soon be flooded with pretrial motions to dismiss alleging factual predicates in criminal cases. Burglary suspects would challenge the charges against them on the grounds the `structures' entered were not `occupied,' R.C. 2911.12(A), while those accused of driving while intoxicated would argue that they were not `operating a motor vehicle' at the time of the offense, R.C. 4511.19(A). Already overburdened prosecutors would be forced to respond to such attacks with specific evidence in advance of trial. Squaring this summary procedure with the constitutional right to a jury trial, moreover, could create a legal quagmire from which our courts might never emerge. Additionally, courts of appeal would be constantly called upon for advisory opinions." Id.
 {¶ 14} This is basically what happened here. The trial court sua sponte examined the factual basis of an essential element of the State's case and determined that it did not sufficiently demonstrate that appellee had possession of the drugs and, therefore, could not be admitted into evidence. In excluding the evidence the trial court ruled:
 "THE COURT: All right, to recap what happened this morning in Chambers, to make sure we make a record of this, the State of Ohio informed the Court and defense counsel there were basically three areas which cocaine was found.
 "One was in the defendant's purse, coin purse, inside her purse, is that the way it was?
"MR. BENNETT: Yes, Your Honor.
 "THE COURT: One was a female vest, but you cannot link it to the defendant?
"MR. BENNETT: Sitting beside her.
"THE COURT: What was the other?
 "MR. BENNETT: There was a vial underneath the rear driver's side seat which flips forward from the passenger seat, which a vial of cocaine was found.
 "There was also a vial of cocaine found in the front center console, between the driver's seat and up front passenger seat, between a folded in half glove.
 "THE COURT: But you have no admission by her that vest belonged to her?
"MR. BENNETT: We don't have an admission the vest belonged to her, no.
"THE COURT: You don't have any witness that says that?
"MR. BENNETT: I will call, no.
 "THE COURT: She admitted to no other, other than the cocaine in the coin purse?
"MR. BENNETT: She did not admit.
"THE COURT: The car was not hers?
"MR. BENNETT: The car did not belong to her.
 "THE COURT: The probative value to the State is weak, that the prejudicial value to the defense would be extreme, or at least more than weak.
 "This is how it goes, you may talk about the cocaine found in the coin purse, and that is it. I don't want any other cocaine —
"MR. BENNETT: I understand, Judge.
"THE COURT: No cocaine, no other cocaine.
"MR. BENNETT: For the record, I do object.
"THE COURT: Of course you do."
 {¶ 15} Although the trial court did not dismiss the indictment, the trial court made a preliminary ruling on the sufficiency of the evidence connecting appellee to the cocaine. Since she did not admit that the vest belonged to her and since she did not own the SUV she was riding in, the court ruled that the evidence had little probative value. In other words, the court looked at the evidence of possession, an essential element of the crime, and determined it was insufficient. Obviously, a trial court has the right to grant an acquittal on the basis of insufficient evidence, but it cannot review evidence in advance of trial and exclude it as insufficient.
 {¶ 16} As this Court warned in Varner, this is a dangerous precedent. This Court cannot endorse a court's preliminary review of the evidence to determine its sufficiency before it is even presented. What if a trial court were to exclude evidence of scars on a victim in a felonious assault case as more prejudicial than probative or a court in a rape case determines before trial that a child victim may not testify that her uncle removed her clothes and pulled down her underwear because it is more prejudicial than probative. In all of these instances, the court would be making a preliminary determination of the sufficiency of the evidence on a particular element of the crime charged before the evidence is presented. This cannot be sanctioned.