O’Donnell, J.,
concurring.
*218 {¶ 8} I concur in the judgment affirming the summary judgment in totes/Isotoner’s favor, because totes/Isotoner discharged LaNisa Allen for taking an unauthorized break from her scheduled employment. That fact is undisputed in the record before us, and Allen failed to carry her burden of proving either that totes/Isotoner had a discriminatory motive or that its reason for discharging her was a pretext for discrimination. Consequently- — and necessarily, in accordance with long-standing prudential considerations widely utilized by the courts — I would not reach the issue whether adverse differential treatment because of postpregnancy lactation falls within actionable discrimination as defined by the General Assembly in R.C. Chapter 4112.
{¶ 9} It is the long-standing practice of courts to decide only issues presented by the facts and to refrain from deciding issues that the facts do not place directly at issue. Because of the relevant and determinative facts of this case, the resolution of the dispute of the parties before us does not turn on whether R.C. 4112.02 encompasses alleged discrimination due to lactation. Because the court need not reach this issue, any opinion expressed on the issue would be merely advisory and not in accordance with the long-standing practice of courts to decline to render advisory opinions.
{¶ 10} It is well-settled law that this court will not issue advisory opinions. State ex rel. White v. Kilbane Koch, 96 Ohio St.3d 395, 2002-Ohio-4848, 775 N.E.2d 508, ¶ 18, citing State ex rel Baldzicki v. Cuyahoga Cty. Bd. of Elections (2000), 90 Ohio St.3d 238, 242, 736 N.E.2d 893; Egan v. Natl. Distillers & Chem. Corp. (1986), 25 Ohio St.3d 176, 25 OBR 243, 495 N.E.2d 904, syllabus. “It has been long and well established that it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect.” Fortner v. Thomas (1970), 22 Ohio St.2d 13, 14, 51 O.O.2d 35, 257 N.E.2d 371. Because the court need not reach the issue of whether discrimination on the basis of lactation is prohibited by R.C. 4112.02, it should not do so. See PDK Laboratories, Inc. v. United States Drug Enforcement Adm. (C.A.D.C.2004), 362 F.3d 786, 799 (Roberts, J., concurring in part and in the judgment, “if it is not necessary to decide more, it is necessary not to decide more”).
Lundberg Stratton and Cupp, JJ., concur in the foregoing opinion.