[Cite as *Buser v. Buser*, 2013-Ohio-2630.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| TRINA BUSER (NKA FOWLER) | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| Petitioner-Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 12-CAA- 0077 |
| DAVID M. BUSER | : | |
| | : | |
| Petitioner-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Civil appeal from the Delaware County
                            Court of Common Pleas, Domestic
                            Relations Division, Case No. 11 DSC 10
                            0575

JUDGMENT:                   Dismissed

DATE OF JUDGMENT ENTRY:     June 21, 2013

APPEARANCES:

For Petitioner-Appellant          For Petitioner-Appellee

DANIELLE DAVISROE                 ERIC BROWN
CRAIG P. TRENEFF                  GARY GOTTFRIED
ANDREA L. COZZA                   608 Office Parkway, Ste. B
155 Commerce Park Drive, Ste. 5   Westerville, OH  43082
Westerville, OH 43082

*Gwin, P.J.*

{¶1} Appellant appeals the October 1, 2012 judgment entry of the Delaware County Common Pleas Court, Domestic Relations Division, denying her Civil Rule 60(B)(1) motion.

*Facts & Procedural History*

{¶2} Appellant Trina L. Buser (nka Fowler) and appellee David M. Buser are the parents of one minor child, J.K.B., born March 15, 2004. The parties were married from July 13, 2002 to December 16, 2011.

{¶3} Without the assistance of counsel, the parties terminated their marriage through a dissolution on December 20, 2011, with an agreed judgment entry and decree of dissolution. The parties obtained the forms for the dissolution from the clerk of courts office. The forms included, among other documents, a joint plan of shared parenting and a separation agreement. The separation agreement of the parties was approved and incorporated as part of the decree of dissolution. The separation agreement and joint plan of shared parenting filed by the parties contained contradictory terms regarding the custody of J.K.B. and parenting time. The joint plan of shared parenting provided appellant would have parenting time pursuant to local rule, appellee would have parenting time at all other times, and that appellee would be designated the residential parent for school placement purposes. The separation agreement provided appellant would have custody of J.K.B. and appellee would have parenting time pursuant to local rule.

{¶4} On May 31, 2012, appellee filed a motion for modification of shared parenting plan. On August 22, 2012, appellant filed a motion to set aside the agreed

judgment/decree of dissolution and final entry of shared parenting pursuant to Civil Rule 60(B)(1). Appellant also filed a motion to modify allocation of parental rights. The trial court determined an evidentiary hearing was necessary to determine if modification was in the best interest of J.K.B. The evidentiary hearing has not yet been held as it has been continued several times by request of the parties. The parties are operating under a December 7, 2012 agreed temporary order.

{¶5} On October 1, 2012, the trial court issued a judgment entry denying appellant's motion to set aside pursuant to 60(B)(1). The trial court found, when taking into consideration O.R.C. § 3109.04(G), the shared parenting order takes precedence over any other pleading when there are inconsistencies. Further, that because O.R.C. § 3109.04(E)(2)(C) provides for the termination of a shared parenting decree and there is a statutory means of terminating a shared parenting decree, it is unnecessary to employ Civ.R. 60(B)(1) to vacate a shared parenting plan. Appellant asserts the following assignments of error on appeal:

{¶6} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN HOLDING THAT IT IS UNNECESSARY TO APPLY OHIO RULE OF CIVIL PROCEDURE 60(B)(1) TO VACATE THE DISSOLUTION DECREE.

{¶7} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN HOLDING THAT ANY PROVISIONS PERTAINING TO THE CASE OF THE CHILD IN THE SEPARATION AGREEMENT ARE A NULLITY WHERE THEY CONFLICT WITH THE SHARED PARENTING PLAN BECAUSE ANY PROVISION CONTAINED IN THE SHARED PARENTING PLAN TAKES

PRECEDENCE OVER ANY INCONSISTENT PROVISIONS CONTAINED IN ANY OTHER PLEADINGS.

{¶8} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN HOLDING THAT IT IS UNNECESSARY TO APPLY OHIO RULE OF CIVIL PROCEDURE 60(B)(1) TO VACATE THE SHARED PARENTING DECREE BECAUSE OHIO REVISED CODE SECTION 3109.04(E)(2)(c) PROVIDES FOR THE TERMINATION OF A SHARED PARENTING DECREE."

I, II, III

{¶9} On April 15, 2013, the court scheduled the above-captioned matter for oral argument on May 23, 2013. On May 14, 2013, the parties filed a notice of waiver of oral argument and appellant dismissed her request for oral hearing previously filed on December 4, 2012.

{¶10} On May 29, 2013, appellee filed a Notice of Suggestion of Death, stating that appellant Trina Buser nka Fowler passed away on May 23, 2013. In this case, appellant's assignments of error relate solely to the discrepancy between the separation agreement and the joint plan of shared parenting dealing with the custody and parenting time each parent had with J.K.B. Appellant does not challenge any other provisions of the separation agreement or entry of dissolution.

{¶11} Based upon the Notice of Suggestion of Death, we find the issues presented are moot. Courts "will not resolve issues which are moot." *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371, 372 (1970), citing *Miner v. Witt*, 82 Ohio St. 237 (1910).

{¶12} Accordingly, Assignments of Error I, II, and III are moot and appellant's appeal is dismissed.

By Gwin, P.J.,

Farmer, J., and

Baldwin, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER


_____
HON. CRAIG R. BALDWIN


WSG:clw 0607

[Cite as *Buser v. Buser*, 2013-Ohio-2630.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TRINA BUSER (NKA FOWLER) | : | |
| Petitioner-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DAVID M. BUSER | : | |
| | : | |
| Petitioner-Appellee | : | CASE NO. 12-CAA-0077 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Court of Common Pleas, Domestic Relations Division, is dismissed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. CRAIG R. BALDWIN