Kennedy, J., dissenting.
{¶ 25} I disagree with the majority's decision to resolve this certified-conflict case and jurisdictional appeal. The death of appellee, Adam R. Cupp, renders the cases, which were consolidated for review, *816 151 Ohio St.3d 1525, 2018-Ohio-557, 91 N.E.3d 756, moot. Therefore, I would dismiss the appeal.
{¶ 26} The lead opinion relies upon the jurisdiction conferred upon the court by the Ohio Constitution, Article IV, Section 3 (B)(4) and the absence in that section of language suggesting the death of a party affects jurisdiction. However, Article IV, Section 3(B)(4) does not mandate that the court decide a certified conflict upon certification by the court. And our precedent reveals that we are able to decide not to exercise our jurisdiction after certification of a conflict. See, e.g, *213 State v. Brown, 151 Ohio St.3d 600, 2017-Ohio-8370, 91 N.E.3d 739 (certified-conflict case dismissed as having been improvidently certified); State v. Richardson , 150 Ohio St.3d 554, 2016-Ohio-8448, 84 N.E.3d 993 (court decertified the conflict and declined to answer the certified-conflict question).
{¶ 27} As recognized by the lead opinion, the death of a criminal defendant during the pendency of an appeal moots the action and under the mootness doctrine, we will not decide moot cases, see Makley v. State, 128 Ohio St. 571, 192 N.E. 738 (1934) ; see also Dove v. United States, 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976) (dismissing petition for writ of certiorari when criminal defendant died after filing the petition).
{¶ 28} Ohio courts refuse to exercise jurisdiction over cases that do not involve actual controversies. Fortner v. Thomas , 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970). " 'The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.' " Miner v. Witt , 82 Ohio St. 237, 238, 92 N.E. 21 (1910), quoting Mills v. Green , 159 U.S. 651, 653, 16 S.Ct. 132, 40 L.Ed. 293 (1895).
{¶ 29} I would dismiss the case as moot. There is no actual controversy to decide in this matter. The penal consequence of Cupp's criminal conviction ceased when he died. A judgment determining how much jail-time credit Cupp was legally entitled to cannot be carried into effect in this matter. The court should refrain from resolving the certified-conflict question raised here until such time as the decision will have an effect on the case before it.
{¶ 30} Therefore, I dissent.