[Cite as *State v. Eggleston*, 2022-Ohio-2889.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-36 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-102 |
| | : | |
| KENTON DANIEL EGGLESTON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of August, 2022.

. . . . . . . . . . .

KEVIN S. TALEBI, Atty. Reg. No. 0069198, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

ADAM JAMES STOUT, Atty. Reg. No. 0080334, 5335 Far Hills Avenue, Suite 220, Ohio 45429
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, P.J.

**{¶ 1}** Following a plea of guilty to two indicted offenses, appellant, Kenton Daniel Eggleston, was sentenced to a prison term of ten months. Appellate counsel has filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 496 (1967), stating that he can find no issues with arguable appellate merit. After an independent review of the record, we agree with counsel's assessment. As such, the judgment of the Champaign County Common Pleas Court will be affirmed.

**Facts and Procedural History**

**{¶ 2}** Eggleston was indicted on three counts: Count One, possession of a fentanyl-related compound in violation of R.C. 2925.11(A)(C)(11)(a), a fifth-degree felony; Count Two, operating a vehicle while under the influence of a listed controlled substance, in violation of R.C. 4511.19(A)(1)(j)(viii)(II)(G)(1)(a), a first-degree misdemeanor; and Count Three, operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them, in violation of R.C. 4511.19(A)(1)(a)(G)(1)(a), a first-degree misdemeanor. Eggleston ultimately pleaded guilty to Counts One and Three, and Count Two was dismissed. Following completion of a presentence investigation report (PSI), the trial court sentenced Eggleston to ten months in prison on Count One and six months in prison on Count Three, to be served concurrently. This appeal followed.

**{¶ 3}** Counsel was appointed and, as indicated, he has filed an *Anders* brief which included a request for leave to withdraw as Eggleston's attorney. We informed Eggleston of his right to file a pro se brief, but such a brief has not been filed.

***Anders* Standard**

{¶ 4} Upon the filing of an *Anders* brief, an appellate court has a duty to determine, "after a full examination of the proceedings," whether the appeal is, in fact, "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493; *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous based upon a conclusion that the State has a strong responsive argument. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. A frivolous issue, instead, is one about which, "on the facts and law involved, no responsible contention can be made that offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. If we find that any issue is not wholly frivolous, we must reject the *Anders* brief and appoint new counsel to represent the appellant.

### *Anders* Analysis

{¶ 5} Consistent with his duty under *Anders*, counsel has set forth one potential assignment of error as follows:

THE TRIAL COURT ERRED IN IMPOSING A PRISON SENTENCE [BASED UPON] A BOND VIOLATION.

{¶ 6} The suggested assignment of error implicates R.C. 2929.13(B) which mandates that a defendant convicted of a fourth- or fifth-degree felony be sentenced to a term of community control sanctions (CCS) if certain conditions are met. These conditions are that the fourth- or fifth-degree felony is not an offense of violence or a qualifying assault offense, that the defendant has not previously been convicted of a felony offense or, within two years of the pending offense, has not been convicted of a violent misdemeanor offense, and that the most serious charge against the defendant is

a fourth- or fifth-degree felony. R.C. 2929.13(B)(1)(a)(i)(ii)(iii). But this mandate is tempered by R.C. 2929.13(B)(1)(b), which gives a trial court the discretion to impose a prison term upon a defendant who otherwise would be subject to a required CCS sentence if one or more circumstances apply.

{¶ 7} All things being equal, Eggleston was subject to a mandatory CCS sentence. But the trial court exercised its discretion to impose a prison term based upon its findings, made at the sentencing hearing, that Eggleston had violated a term of his bond (R.C. 2929.13(B)(i)(b)(iii)) and that he had committed the fentanyl offense while on CCS for a Madison County misdemeanor offense (R.C. 2929.13(B)(1)(b)(x)).

{¶ 8} The proposed assignment of error speaks only to the trial court's finding that Eggleston committed a bond violation. A condition of Eggleston's bond was that he not use any "illegal controlled substances." A drug test administered to Eggleston by the Madison County Probation Department – which was supervising Eggleston in an intervention in lieu of conviction (ILC) proceeding – produced a positive result for fentanyl. Eggleston asserted to the Madison County Probation Department that the positive result was not accurate and suggested that his use of prescribed Benadryl caused the positive result. Confirmation testing was then performed which confirmed the presence of fentanyl. At the Champaign County sentencing hearing, Eggleston continued to assert that the Madison County test result had not been accurate. The trial court, however, concluded that Eggleston had violated the bond condition that he not use a controlled substance.

{¶ 9} On this record, it would be frivolous to argue that the trial court erred in its

conclusion that Eggleston used fentanyl and, as a result, violated a condition of his bond. Moreover, it is undisputed that when Eggleston committed the fentanyl offense, he was on CCS in Madison County for a misdemeanor offense.   This provided an independent – and undisputed - basis for the imposition of a prison term.[1]

{¶ 10} In addition, we have reviewed the entire record, and our review had not revealed any meritorious issues for appellate review.

**Conclusion**

{¶ 11} Having found no potentially meritorious appellate issue for review, counsel is granted permission to withdraw as counsel.   The judgment of the Champaign County Common Pleas Court is affirmed.

. . . . . . . . . . . .

WELBAUM, J. and LEWIS, J., concur.

Copies sent to:

Kevin S. Talebi
Adam James Stout
Kenton Daniel Eggleston
Hon. Nick A. Selvaggio

---

[1] The proposed assignment of error, even if potentially meritorious, raises a mootness concern. The Ohio Department of Rehabilitation and Corrections (ODRC) website reveals that Eggleston was released from prison on February 14, 2022, but was placed on post-release control (PRC)/transitional control for a period of six months. The proposed assignment of error attacks Eggleston's sentence, not the conviction itself.   Assuming the case proceeded beyond the *Anders* stage, Eggleston would have completed PRC before we could consider the merits of the case.   At that point, since the sentence would have been served, there would be no meaningful remedy we could fashion, rendering the issue moot. *See Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970); *State v. Ingledue*, 2d Dist. Clark No. 2018-CA-47, 2019-Ohio-397, ¶ 9.