[Cite as *Barack v. Belmont Savs. Bank*, 2023-Ohio-1679.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

ROGER A. BARACK ET AL.,

Plaintiffs-Appellants,

v.

BELMONT SAVINGS BANK ET AL.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 BE 0051**

---

Civil Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 20 CV 222

**BEFORE:**
David A. D'Apolito, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Cory R. Barack,* Barack Law, LLC, 3201 Belmont Street, Suite 814, Bellaire, Ohio 43906, for Plaintiffs-Appellants and

*Atty. Robert P. Fitzsimmons,* Fitzsimmons Law Firm, PLLC, 1609 Warwood Avenue, Wheeling, West Virginia 26003. *Atty. Charles H. Bean*, Thornburg & Bean, 113 West Main Street, P.O. Box 96, St. Clairsville, Ohio 43950. *Atty. Holly S. Planinsic*, Herndon Morton Herndon & Yaeger, 83 Edgington Lane, Wheeling, West Virginia 26003, for Defendants-Appellees.

Dated: May 16, 2023

**D'Apolito, P.J.**

{¶1} Appellants, Roger A. Barack, Lana J. Barack, Cody R. Barack, and Heinlein Properties, Inc., appeal from the September 14, 2022 judgment of the Belmont County Court of Common Pleas granting Appellees', Belmont Savings Bank, Charles H. Bean, Mark Bukmir, Todd D. Cover, Thomas W. Johnson, David L. Sullivan, S. Daniel Mumma, and Samuel Vucelich, second motion for summary judgment following this court's reversal and remand in *Barack v. Belmont Savings Bank*, 7th Dist. Belmont No. 21 BE 0023, 2022-Ohio-678.[1]

{¶2} This civil action was brought by Appellants against Appellees Belmont Savings Bank (the "Bank") and its individual directors (collectively the "Board"). The trial court twice ruled in favor of Appellees in their motions for summary judgment. As a result, Appellants assert they remain unjustly deprived of their voting power.[2]

{¶3} Appellants filed a civil complaint against Appellees on September 14, 2020. The trial court granted Appellees' first motion for summary judgment on May 11, 2021. Appellants filed their first appeal, Case No. 21 BE 0023, raising four assignments of error: (1) the trial court erred by ignoring the existence of material facts that are in genuine dispute; (2) the trial court erred in wrongfully applying the doctrine of laches; (3) the trial court erred in holding that R.C. 1101.05 and 1105.11 limited Appellants' remedies; and (4) the trial court erred in holding that Appellants failed to exhaust their administrative remedies. *Barack, supra.* On March 2, 2022, this court found merit in all of Appellants' assignments of error and reversed and remanded the trial court's first grant of summary judgment. *Id.* at ¶ 53.

{¶4} At issue in Appellants' present appeal, Case No. 22 BE 0051, is the trial court's second grant of summary judgment, filed September 14, 2022. Finding no reversible error, we affirm.

---

[1] A summary judgment entry (findings of fact and conclusions of law) was filed on September 23, 2022.

[2] Bank depositors enjoy voting rights proportional to their deposits.

**FACTS AND PROCEDURAL HISTORY**

{¶5} The material facts in this matter were summarized as follows in Appellants' first appeal:

In all of 2016 and for many years before, Appellants Roger Barack, Lana Barack, and Heinlein Properties, Inc. (Heinlein) were depositors at Appellee Belmont Savings Bank (the Bank). As depositors, these appellants had voting rights proportional to their deposits. Roger and Lana are husband and wife. Roger owns Heinlein. Appellant Cody Barack is Roger and Lana's son. He became a depositor in late 2016. The other appellees are the members of the Bank's board of directors.

On October 2[5], 2016, the Bank held a special meeting (the [Special] Meeting).[3] At the [Special] Meeting, the Bank amended its charter and bylaws. These amendments limited the voting power of depositors such as appellants. It limited any single depositor to $500,000 worth of votes. Appellants had previously enjoyed significantly more voting power as they had significantly more funds on deposit with the Bank.[4]

Pursuant to the Bank's constitution, it was to publish notice of the [Special] Meeting once a week for three weeks. The Bank did publish a notice of the [Special] Meeting in *The Times Leader.* But the notice was only published for three days in a row instead of the required three weeks in a row. The problem was compounded by the fact that a *Times Leader* representative informed the Bank that it had published the notice on October 4, 11, and 18, 2016, which would have been three weeks in a row. Appellants did not

---

[3] A regular meeting occurred right before the Special Meeting. There is no dispute that the regular meeting was properly noticed and conducted.

[4] The amendments, in part, placed a limit of 5,000 votes that any single member could cast. The Old By-Laws did not have such a limit.

receive notice of the [Special] Meeting and did not attend to vote on the amendments.

Appellant Cody Barack subsequently ran for the Board of Directors of the Bank on January 18, 2017. He lost the election.[5]

Cody subsequently filed a complaint with the Ohio Division of Financial Institutions, which was dismissed on January 30, 2017.

Appellants later filed a complaint against appellees on September 14, 2020, raising claims for violation of corporate constitution; negligence; dilution of ownership rights; breach of duty of care; breach of duty of loyalty; civil conspiracy; and seeking a declaratory judgment that the [Special] Meeting was null and void, any votes cast at the [Special] Meeting were null and void, and the amendments were null and void.[6]

After answering the complaint, appellees filed a motion for summary judgment. They argued appellants' claims were barred by the doctrine of laches, barred by R.C. 1101.05 and R.C. 1105.11, the advisory directors were not proper parties, and Cody was not a member of the Bank on the day of the vote. Appellants filed a response in opposition arguing genuine issues of material fact existed that precluded summary judgment on all claims.

The court held a hearing on the summary judgment motion where it heard arguments from both parties. It then determined that no genuine issue of material fact existed and appellees were entitled to summary judgment as a matter of law.

---

[5] Appellant Cody Barack had no deposits in the Bank in October 2016 and, thus, was not a qualified candidate for Board election. He was defeated under both the counting formula of the Old By-Laws and New By-Laws. The trial court found Appellant Cody Barack lacks standing to challenge any of the actions of the Bank. (9/23/2022 Summary Judgment Entry, p. 10).

[6] Appellants did not name *The Times Leader* as a party and have taken no action against the newspaper.

Case No. 22 BE 0051

Appellants filed a timely notice of appeal on June 7, 2021. They * * * raise[d] four assignments of error for our review.

*Barack, supra,* at ¶ 2-10.

{¶6} As stated, on March 2, 2022, this court found merit in all of Appellants' assignments of error and reversed and remanded the trial court's first grant of summary judgment. *Id.* at ¶ 53.

{¶7} Following remand and an additional period to develop evidence, on August 11, 2022, Appellees filed a second motion for summary judgment mainly on the basis that Appellants were not damaged and that no justiciable controversy exists. Appellees maintained Appellant Cody Barack could never have been elected to the Board under either the Old Charter and By-Laws or the New Charter and By-Laws (adopted at the Special Meeting) because he was neither eligible as a candidate nor a member of the Bank (a requirement for voting rights). Stated differently, Appellees contended the outcome is the same even if the Special Meeting's amendment is annulled (a fact which is uncontested). On September 6, 2022, Appellants filed an opposition mainly on the basis that Appellees failed in their legal duty to ensure proper meeting notice and in Appellees' speculation that Appellant Cody Barack's election results cannot be supported by evidence. Appellees filed a reply three days later.

{¶8} On September 14, 2022, the trial court granted Appellees' second motion for summary judgment following a hearing.[7] Appellants filed this appeal, Case No. 22 BE 0051, and raise one assignment of error.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED BY IGNORING THE INJURY CAUSED BY THE UNLAWFUL SPECIAL MEETING NOTICE.**

---

[7] At the hearing, it was revealed that the record date was October 31, 2016 (9/14/2022 Hearing Tr., p. 5); Appellant Cody Barack had no deposits at the Bank (*Id.*); voting took place in January 2017 (*Id.* at p. 6); in order to be a director, you have to be a depositor (*Id.* at p. 7); Appellant Cody Barack does not qualify and did not have enough votes regardless (*Id.* at p. 8-12); everybody agrees the newspaper made a mistake (*Id.* at p. 15-16); and Appellants stressed there are other plaintiffs besides Cody Barack with other claims (*Id.* at p. 19), the Special Meeting was improperly noticed (*Id.* at p. 27), and the amendment weakened Appellants' voting power (*Id.*).

**{¶9}** In their sole assignment of error, Appellants argue the trial court erred in granting Appellees' second motion for summary judgment. Appellants contend the trial court's failure to adequately consider the unlawful Special Meeting notice unjustly harmed them. (11/21/2022 Appellants' Brief, p. 3). Appellants request this court "<u>reverse</u> the trial court's September 14, 2022 decision granting summary judgment, <u>declare</u> that the notice of the Special Meeting was unlawful, <u>declare</u> that the vote-limiting amendment is null and void, and <u>declare</u> that any other action taken at said meeting is null and void." (Emphasis sic) (*Id.* at p. 8).

**{¶10}** Appellees, on the other hand, contend Appellants were not harmed by their failure to receive proper notice of the Special Meeting through no fault of the Bank; Appellant Cody Barack was not eligible to run as a candidate for Director under either the Old By-Laws or the New By-Laws, and even if eligible, he would not have been elected at the January 18, 2017 Annual Meeting; and a "re-do" of the Special Meeting would not result in any change to the position of the parties. (12/8/2022 Appellees' Brief, p. 9). Thus, Appellees assert summary judgment in their favor is proper.

> An appellate court conducts a de novo review of a trial court's decision to grant summary judgment, using the same standards as the trial court set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Before summary judgment can be granted, the trial court must determine that: (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). Whether a fact is "material" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995).

"(T)he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis deleted.) *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). If the moving party carries its burden, the nonmoving party has a reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. *Id.* at 293, 662 N.E.2d 264. In other words, when presented with a properly supported motion for summary judgment, the nonmoving party must produce some evidence to suggest that a reasonable factfinder could rule in that party's favor. *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 386, 701 N.E.2d 1023 (8th Dist.1997).

The evidentiary materials to support a motion for summary judgment are listed in Civ.R. 56(C) and include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. In resolving the motion, the court views the evidence in a light most favorable to the nonmoving party. *Temple*, 50 Ohio St.2d at 327, 364 N.E.2d 267.

*Doe v. Skaggs*, 7th Dist. Belmont No. 18 BE 0005, 2018-Ohio-5402, ¶ 10-12.

**{¶11}** Regarding the Special Meeting, Ohio law and Article 5, Section 4 of the Bank's constitution require written notice. *See* R.C. 1701.41, "Notice of meetings." The record reveals Appellees did not act negligently or in bad faith when they attempted to publish proper notice of the Special Meeting in accordance with Ohio law and the Bank's Charter and By-Laws. The Bank itself did not do any act that caused direct harm to Appellants. The Bank properly requested and paid *The Times Leader* to publish written notice of the Special Meeting. *The Times Leader* verified that the notice was published in accordance with the Bank's directions and By-Laws. While the notice was not in line with the three week requirement of the Charter and By-Laws, through no fault of the Bank, the actions taken at the Special Meeting were proper and the Amendments were

approved by the Ohio Department of Commerce, Division of Financial Institutions, on January 5, 2017.

{¶12} Appellants Roger Barack, Lana Barack, and Heinlein, took no action until the filing of their complaint on September 14, 2020, four years after the Special Meeting. Appellants also never pursued a claim against *The Times Leader.* Appellant Cody Barack, a non-member at the time and therefore not entitled to any notice of any meeting, was the only plaintiff that challenged the Bank's action by complaint to the Ohio Department of Commerce. As stated, that action was dismissed. The trial court properly determined that Appellant Cody Barack has no standing to challenge any action with respect to the Bank. (9/23/2022 Summary Judgment Entry, p. 10); *Fed. Home Loan Mortg. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 22.

{¶13} It is Appellants' position that they "would have enjoyed a much stronger, well-earned voting position," if the Special Meeting had been properly noticed and that Appellees acted intentionally to dilute Appellants' voting power. (9/14/2020 Complaint, p. 6, ¶ 35). Appellants, however, fail to identify any evidence of actual injury and/or evidence that the outcome of the vote at the Special Meeting would have been different if they had received proper notice of the Special Meeting. Stated differently, Appellants cannot show that the outcome would have been different but for *The Times Leader's* publication error. Even if Appellants had been in attendance, the Amendment would have passed. Thus, Appellants have not demonstrated a cognizable claim that presents an actual controversy. *See Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970) ("It has been long and well established that it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect.")

{¶14} Appellants further posit that but for the Amendment passed at the Special Meeting, Appellant Cody Barack would have been elected to the Board at the Annual Meeting. As addressed, however, the record is clear that Appellant Cody Barack was not qualified and could not have been elected as a Director at the Annual Meeting and that the results of the Election of Directors was unaffected by the Special Meeting and New Amendment.

**{¶15}** Upon consideration, the trial court did not err in granting Appellees' second motion for summary judgment.

## CONCLUSION

**{¶16}** For the foregoing reasons, Appellants' sole assignment of error is not well-taken. The September 14, 2022 judgment of the Belmont County Court of Common Pleas granting Appellees' second motion for summary judgment following this court's reversal and remand in *Barack, supra,* is affirmed.

Robb, J., concurs.

Hanni, J.,concurs.

———————————

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed.  Costs to be taxed against the Appellants.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**